UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MEDINA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YOUNGBLOOD, et. al,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01158 – JLT (PC)<br><br>ORDER DISMISSING THE CASE FOR FAILURE TO PROSECUTE<br><br>(Doc. 6). |

　　　　Plaintiff Ernest Medina ("Plaintiff") is a state prisoner proceeding pro se in with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 5). Plaintiff consented to proceed before the Magistrate Judge on August 9, 2012. (Doc. 4). On January 14, 2013, the Magistrate Judge issued an order requiring Plaintiff to notify the Court of his willingness to proceed on his cognizable claims or to file a second amended complaint within twenty-one days of the date of service. (Doc. 6). Also on January 14, 2013, the Clerk of the Court mailed the January 14, 2013 order to the address Plaintiff provided to the Court, but the Order was returned by the United States Postal Services as undeliverable on January 24, 2013.

　　　　Fed. R. Civ. P. 83 and Local Rule 182(f) impose a continuing duty on a party appearing pro se to notify the Clerk of the Court and any parties to this matter of any changes in address as they occur. After the Clerk mails an order or other document to the pro se party and the USPS returns the document as undeliverable, a plaintiff is given 63 days from the date of the return in which to notify

1

the Court and the opposing parties of his or her new address. Local Rule 183(b). The Court may dismiss the matter without prejudice for failure to prosecute after the lapse of the 63 day period. Id. In the instant case, Plaintiff was required to notify the Court of his change of address on or before April 4, 2013. Plaintiff has not notified the Court of his current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been pending since July 16, 2013. (Doc. 1). This case cannot be held in abeyance indefinitely based on Plaintiff's failure to notify the Court of his address.

The risk of prejudice to Defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Similarly, the factors in favor of dismissal discussed above greatly outweigh the public policy favoring disposition of cases on their merits. Finally, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address. Therefore, the matter is **DISMISSED without prejudice** for failure to prosecute.

**ORDER**

For the foregoing reasons, it is hereby **ORDERED** that:

1. This matter is **DISMISSED without prejudice** for failure to prosecute; and

///
///
///
///
///
///

2. The Clerk of the Court is **DIRECTED** to close this matter.

IT IS SO ORDERED.

Dated:   **April 9, 2013**                              **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE